**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

LISA SALLAJ,                                                )
                                                                       )
                                    Plaintiff,                   )
                                                                       )
v.                                                                  )          Case No. 23-1172-EFM-BGS
                                                                       )
                                                                       )
MICHAEL A. FEINER and                             )
STEINGER, GREENE & FEINER,              )
                                                                       )
                                    Defendants.              )
——————————————————————)

**ORDER TO SHOW CAUSE**

Plaintiff Lisa Sallaj filed a Complaint asserting claims for breach of contract and legal

malpractice against Defendants Michael Feiner and Steinger, Greene & Feiner.  (Doc. 1).  The

Complaint alleges this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based on

diversity of citizenship and because the amount in controversy exceeds $75,000 exclusive of interest

and costs.  To establish diversity jurisdiction, there must be complete diversity between all plaintiffs

and all defendants.  28 U.S.C. § 1332(a).  Here, while Plaintiff claims damages in excess of $75,000,

the Complaint fails to allege sufficient facts to allow the Court to confirm whether diversity of

citizenship exists.

Pursuant to 28 U.S.C. § 1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any

time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief."  "When a plaintiff is proceeding in forma pauperis, a court has a duty to

review the complaint to ensure a proper balance between these competing interests."  *Mitchell v.*

*Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30,

2013).

1

The court also has an obligation to ensure it has subject matter jurisdiction to hear and resolve the action. *See* Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when authorized. *Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3892243, at *3 (D. Kan. Sept. 29, 2010), *aff'd,* 420 F. App'x 854 (10th Cir. 2011). When it becomes apparent that subject matter jurisdiction is lacking, the Court must dismiss the case regardless of the stage of the proceeding. *Fish v. Kobach*, 189 F. Supp. 3d 1107, 1124–25 (D. Kan. 2016). The court has a duty to raise and resolve issues of subject matter jurisdiction, even if no party has objected to the exercise of jurisdiction. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 305 (2006).

After reviewing Plaintiff's pro se Complaint and construing the allegations liberally, the Court has concerns about whether diversity of citizenship exists. For a business entity, its citizenship is determined by its organizational structure. If the business is a corporation, its citizenship is determined by its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). Citizenship for an unincorporated entity is determined by the citizenship of each of its members. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *see also Davison v. Grant Thornton LLP*, No. 2:13-CV-2309-JAR, 2014 WL 1308895, at *2 (D. Kan. Mar. 28, 2014), *aff'd,* 582 F. App'x 773 (10th Cir. 2014).

Plaintiff's Complaint alleges that "[b]oth Parties are United States Citizens residing in different respected States." (Doc. 1, at 1). In support of her jurisdictional allegations, Plaintiff states that she resides in Kansas and Defendants Michael Feiner and Steinger, Greene & Feiner reside in Tennessee. Plaintiff further alleges that Michael Feiner is a "partner for the corporation." (Doc. 1, at 2).

It is unclear from the facts alleged whether Defendant Steinger, Greene & Feiner is a corporation or an unincorporated entity. If the business is a corporation, its principal place of

2

business and state of incorporation must be plead.  If the business is a limited liability partnership, limited liability company, or other unincorporated entity, then the citizenship of each of its members must be plead.  The Complaint does not identify Defendant Steinger, Greene & Feiner's principal place of business, state of incorporation, or its members and their citizenship.  Because the allegations are insufficient to allow the Court to determine the citizenship of the Defendants, the Court cannot determine if it has jurisdiction.

Plaintiff is encouraged to either file an amended complaint setting forth sufficient facts for this Court to determine whether diversity jurisdiction exists or to file a response showing good cause why this Court should not recommend dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction.  If no amended complaint is filed or no response received, the Court will screen the current complaint consistent with 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE ORDERED** that on or before September 22, 2023, Plaintiff shall either file an amended complaint that alleges the citizenship of all parties or file a response to this order showing good cause why this Court should not recommend that this action be dismissed for lack of subject-matter jurisdiction.

**IT IS SO ORDERED**.

Dated: August 24, 2023.

/S BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge

3