## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LISA SALLAJ,

        *Plaintiff,*

  vs.                                          Case No. 23-CV-01172-EFM-BGS

MICHAEL A. FEINER, et al.,

        *Defendants.*

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Strike Pleadings (Doc. 31). Defendants request the Court to strike pro se Plaintiff's Response to Suggestions in Support of Motion to Dismiss for Lack of Personal Jurisdiction and Venue (Doc. 29) and Supporting Documents for Response to Motion for Dismissal (Doc. 30) (collectively, "the Documents"). For the following reasons, the Court grants the motion.

### I.      Background

Defendants filed a Motion to Dismiss (Doc. 19) on October 8, 2023. Plaintiff filed a Response (Doc. 21) to the Motion to Dismiss which included several attached exhibits on October 16, 2023. The Court struck the Response from the record because it exceeded the page limits set forth in District of Kansas Local Rule 7.1(d). On October 17, 2023, Plaintiff filed a Response (Doc.

23) to the Motion to Dismiss that did not include attached exhibits. Then, Plaintiff filed a Supplemental Response (Doc. 24) on October 23, 2023. The Court struck the Supplemental Response from the record because District of Kansas Local Rule 7.1(c) only allows for a single response to a motion as a matter of right and Plaintiff had already filed a response to Defendants' Motion to Dismiss. Further, the Supplemental Response exceeded the page limits.

Defendants filed their Reply (Doc. 27) on October 30, 2023. On November 2, 2023, and without leave of Court, Plaintiff filed the Documents. Defendants filed a Motion to Strike Pleadings on November 4, 2023. Plaintiff filed a Response to the Motion to Strike on November 8, 2023.

## II.      Analysis

Defendants now request that the Court strike the Documents because the local rules do not permit filing a sur-reply or supporting documents without leave of Court and Plaintiff failed to obtain leave prior to filing.

District of Kansas Local Rule 7.1(c) limits briefings to the motion (with memorandum in support), the response, and the reply. This rule clearly states party opposing a motion may file a response, and after a response is filed, the moving party may file a reply.[1] Sur-replies are not typically allowed but may be permitted in rare cases with leave of court.[2]

In the instant case, a Motion to Dismiss, a Response to the Motion to Dismiss, and a Reply were filed. Consequently, the Motion to Dismiss was fully briefed at the time the Reply was filed. The Documents were both filed after the Reply. Further, these Documents were filed without first

---

[1] D. Kan. Rule 7.1(c).

[2] *Taylor v. Sebelius*, 350 F. Supp. 2d 888, 900 (D. Kan. 2004), *aff'd on other grounds*, 189 F. App'x 752 (10th Cir. 2006) (citations omitted).

requesting leave of Court. Plaintiff argues that leave of Court is not required because the Documents were responding to Defendant's Reply. However, this is a textbook example of a sur-reply. Thus, leave of Court is required.

Plaintiff also argues that there is nothing in District of Kansas Local Rule 7.1(d) that prevents exhibits and affidavits from being attached to a motion. Although Plaintiff accurately states the rule, she did not attach the Documents to her Response to the Motion to Dismiss. Instead, Plaintiff chose to file the Documents as their own separate docket entries after Defendants' Reply, which, as discussed above, is not permitted without leave of Court.

Additionally, Plaintiff asserts that the Documents were filed to rebut an argument Defendants raised for the first time in the Reply. Giving a plaintiff the opportunity to respond to a defendant's newly presented material may constitute the rare case in which sur-replies are allowed, however leave of Court is still required.[3] Here, Plaintiff asserts that she must rebut Defendants' argument that Plaintiff fails to provide evidence or affidavits supporting her jurisdictional allegations. However, Defendants did not raise this issue for the first time in their Reply. Rather, in their initial Motion to Dismiss, they addressed the burden shifting framework and the lack of factual support for personal jurisdiction. Further, even if the argument is newly raised, Plaintiff did not seek leave of Court to file the Documents.

Plaintiff further asserts that she is not familiar with the federal or local rules of procedure. However, Plaintiffs are not excused from following procedural rules—including local rules—simply because they choose to proceed pro se.[4] Thus, unfamiliarity with procedural rules is not an

---

[3] *James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 906 (D. Kan. 2021).

[4] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995); *see also Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940; *Campbell v. Meredith Corp.*, 260 F. Supp. 2d 1087, 1097 n.10 (D. Kan. 2003).

excuse or justification for Plaintiff's failure to obtain leave of Court. The Court, therefore, grants Defendants' Motion to Strike Pleadings.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike Pleadings (Doc. 31). is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Response to Suggestions in Support of Motion to Dismiss for Lack of Personal Jurisdiction and Venue (Doc. 29) and Supporting Documents for Response to Motion for Dismissal (Doc. 30) are stricken from the record.

**IT IS SO ORDERED.**

Dated this 10th day of January, 2024.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE